O

# United States District Court
# Central District of California

| | |
|---|---|
| SYED ARIF HUSSAIN MOSAVI, | Case № 2:24-cv-01769-ODW (AJRx) |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| RENA BITTER et al., | **MOTION TO DISMISS [10]** |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Syed Arif Hussain Mosavi brings this mandamus action against Defendants Rena Bitter, Andrew Schofer, and Antony Blinken ("Defendants") in their official capacities as Assistant Secretary Bureau of Consular Affairs, Deputy Chief of Mission for the United States Embassy in Pakistan, and Secretary of State for the United States Department of State, respectively. (Compl. ¶¶ 14–17, ECF No. 1.) Mosavi seeks to compel adjudication of his wife's I-130 visa application. (*Id.* ¶ 1.) Defendants now move to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Motion" or

"Mot.") 1, ECF No. 10.)  For the following reasons, the Court **GRANTS** the Motion.[1]

## II.  BACKGROUND[2]

In July 2022, Mosavi filed a visa petition with United States Citizenship and Immigration Service ("USCIS") on behalf of his wife, Syeda Shamsiya Miraj, seeking to obtain her lawful permanent resident status.  (Compl. ¶¶ 18, 20.)  Mosavi is a United States citizen and Miraj is a Pakistani national.  (*Id.* ¶ 14; Opp'n 6, ECF No. 13.)  In June 2023, USCIS approved the visa petition and sent it to the National Visa Center ("NVC").  (Compl. ¶¶ 19, 21.)  In July 2023, NVC notified Mosavi that Miraj's case was "Documentarily Qualified," meaning NVC had all the documents required.  (*Id.*)  NVC then placed Miraj in the queue for an available interview with a U.S. consular officer at the U.S. Embassy in Pakistan, where Miraj would be able to complete and execute her visa application.  (Opp'n 6; Mot. 3, 4.)  NVC has not yet scheduled Miraj for an interview.  (Compl. ¶¶ 3, 22; Opp'n 6.)

On March 5, 2024, Mosavi filed this action alleging that Defendants unreasonably delayed adjudicating Miraj's visa application and seeking an order to compel Defendants to adjudicate her application within fifteen days or as soon as reasonably possible.  (Compl. ¶¶ 27, 34, 41.)  Mosavi asserts causes of action for unreasonable delay under the Administrative Procedure Act ("APA") and the Mandamus Act, and for deprivation of Mosavi's Fifth Amendment due process rights.  (*Id.* ¶¶ 24–40.)  Defendants now move to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim.  (Mot. 1–2.)

## III.  LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] All well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (internal quotation marks omitted).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.    DISCUSSION

Defendants argue that Mosavi fails to state a claim under the APA or Mandamus Act because (1) there is no specific, non-discretionary Congressional

command requiring Defendants to schedule Miraj for an interview within a certain time; and (2) Defendants have not unreasonably delayed in processing Miraj's application under the framework set forth in *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). (Mot. 1–2.) Defendants also contend that Mosavi fails to state a due process claim because Mosavi does not have a protected interest in the processing of Miraj's immigrant visa. (*Id.*)

**A.    APA and Mandamus Act**

Defendants first argue that Mosavi fails to state a claim under the APA or Mandamus Act because there is no specific, unequivocal command placed on Defendants to schedule Miraj for an interview and adjudicate her visa application within a certain time. (*Id.* at 5–10.)

"Relief under the Mandamus Act and the APA are 'virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty.'" *Taiebat v. Scialabba*, No. 17-cv-0805-PJH, 2017 WL 747460, at *4 (N.D. Cal. Feb. 27, 2017) (citing *Indep. Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997)). As such, "where there is an adequate remedy under the APA," the Ninth Circuit has "elected to analyze a mandamus claim under the APA." *See Cheng v. Baran*, No. 2:17-cv-02001-RSWL (KSx), 2017 WL 3326451, at *8 (C.D. Cal. Aug. 3, 2017) (alteration omitted) (quoting *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997)). Here, Mosavi's APA cause of action is essentially identical to his Mandamus Act cause of action, and it seeks the same relief. (*See* Compl. ¶¶ 24–35, 41.) Accordingly, the Court evaluates both under the APA legal framework.

Under the APA, an administrative agency is required to adjudicate "a matter presented to it" within a "reasonable time." 5 U.S.C. § 555(b). Where an agency fails to do so, a "reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64

(2004); *see also Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) ("A court can compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action.").

At issue here, 8 U.S.C. § 1202(b) of the Immigration and Nationality Act ("INA") states that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer."  Mosavi alleges that, pursuant to this provision, Defendants have a nondiscretionary duty to complete the adjudication of Miraj's application.  (*See* Compl. ¶ 25.)

A close reading of the relevant provisions of the INA and its implementing regulations, as a whole, makes clear that a visa application is not complete until an applicant appears before a consular officer.  The INA states that an individual applying for an immigrant visa "shall make application therefor in such form and manner and at such place as shall be by regulations prescribed."  8 U.S.C. § 1202(a). The Code of Federal Regulations ("Regulations"), in turn, defines "[m]ake or file an application for a[n immigrant] visa" as "personally appearing before a consular officer and verifying by oath or affirmation the statements contained on Form DS-230 or Form DS-260 and in all supporting documents."  22 C.F.R. § 40.1(l)(1)–(2).  The Regulations further provide: "When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa . . . or . . . discontinue granting the visa."  22 C.F.R. § 42.81(a).  Taken together, these provisions provide that a visa application has not been "properly completed and executed" until an applicant has "personally appear[ed] before a consular officer."

Here, Mosavi alleges the NVC confirmed that the case was "Documentarily Qualified," meaning it was ready to be scheduled for an interview, but that Defendants have not yet scheduled Miraj for an interview with a consular officer.  (Compl. ¶ 21; Opp'n 6.)  It is undisputed that Miraj has not yet appeared before a consular officer.

Thus, she has yet to execute or complete her application. To the extent § 1202(b) may impose a nondiscretionary duty to adjudicate Miraj's application, such a duty attaches under the INA only after her application is complete—*i.e.*, after she has appeared before a consular officer. *See Mueller v. Blinken*, 682 F. Supp. 3d 528, 537 (E.D. Va. 2023) (concluding any duty to act on a visa application attaches only "after an applicant has appeared before a consular officer" under the INA and its implementing regulations); *see also, e.g.*, *Arshad v. Bitter*, No. 2:23-cv-08082-FLA (BFMx), 2024 U.S. Dist. LEXIS 64949, at *8 (C.D. Cal. Apr. 9, 2024) ("Courts in this circuit have squarely addressed this issue and determined . . . that a 'visa application' begins at the time of the interview."); *cf. Zeynali v. Blinken*, 630 F. Supp. 3d 208, 210 n.1 (D.D.C. 2022) ("If and when a selectee has an interview at the local consular post, it is at that interview that the selectee formally makes his or her [diversity visa] application. The consular officer then adjudicates the application and either issues or refuses the visa." (citations omitted) (first citing 22 C.F.R. § 40.1(l)(2); then citing 8 U.S.C. § 1202(b); and then citing 22 C.F.R. § 42.81(a))).

Accordingly, because Mosavi has not identified any "discrete agency action" that Defendants are required to take at this point, Mosavi fails to state a claim under the APA or the Mandamus Act. As such, the Court **GRANTS** the Motion on this basis and does not reach Defendants' argument concerning the *TRAC* factors.

**B.    Due Process**

Mosavi also alleges that Defendants' failure to schedule Miraj's interview burdens his procedural and substantive due process rights protected by the Fifth Amendment. (Compl. ¶¶ 36–40.)

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972)). The desire for fundamental fairness in administrative proceedings is not a cognizable liberty interest when it amounts to

nothing more than a "mere expectation of receiving a benefit." *Cost Saver Mgmt., LLC v. Napolitano*, No. 2:10-cv-02105-JST (CWx), 2011 WL 13119439, at *6 (C.D. Cal. June 7, 2011) (quoting *Roberts v. Spalding*, 783 F.2d 867, 870–71 (9th Cir. 1986)).  More specifically, "a citizen does not have a fundamental liberty interest in [a] noncitizen spouse being admitted to the country." *Dep't of State v. Muñoz*, 144 S. Ct. 1812, 1821 (2024).

Mosavi alleges that his protected interest arises from a "statutorily created entitlement to adjudication of his wife's visa application."  (*See* Compl. ¶ 38.)  However, for the reasons discussed above, the alleged statutory right has not yet been triggered.  Therefore, it does not give rise to a cognizable due process claim.

In opposing the Motion,[3] Mosavi raises two additional purported protected interests: the right "to have federal law equitably enforced" and an "implied fundamental right to family unity."  (Opp'n 25.)  Neither suffices here.  First, Mosavi's argument regarding equitable enforcement of the law is indistinguishable from his alleged statutory interest in the adjudication of Miraj's visa application, rejected above.  It is thus not cognizable under the due process clause for the same reason.  Second, Mosavi's asserted right to "family unity" is essentially a demand that his "noncitizen spouse be[] admitted to the country," which does not give rise to a protected interest for the purposes of a due process claim.  *See Muñoz*, 144 S. Ct. at 1821; *see also Kerry v. Din*, 576 U.S. 86, 88–89 (2015) (finding denial of husband's visa application does not raise a cognizable liberty interest).

Accordingly, the Court finds that, lacking a constitutionally protected interest, Mosavi fails to raise a plausible due process claim.

---

[3] On a Rule 12(b)(6) motion to dismiss, the Court is limited to the pleadings when evaluating whether a plaintiff states a claim.  *See Lee*, 250 F.3d at 688–89.  The Court considers Mosavi's opposition arguments here only for the purpose of determining whether leave to amend may be warranted.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss.    (ECF No. 10.)    Because the Court finds "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," *Schreiber Distrib.*, 806 F.2d at 1401, the dismissal is **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

September 3, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**